# MEMORANDA

OF.

# CASES NOT REPORTED IN FULL.

In the Matter of the SECURITY LIFE INSURANCE AND ANNUITY COMPANY.

*Receiver of an insolvent insurance company — his fees are to be fixed by the court under section 3220 of the Code of Civil Procedure — the rate fixed by section 2 of chapter 378 of 1883 is not applicable where the receiver was entitled to his fees before that act was passed — When he is entitled to commission upon the amount of mortgage incumbrances paid by him on the sale of real estate belonging to the trust.*

APPEAL from an order confirming the report of a referee in the settlement of the accounts of the receiver of an insurance company.

The court at General Term said: "In support of the appeal, complaint has been made of the amount allowed to the receiver for his commissions, and it has been insisted that they should be restricted to the commissions allowed by law to executors and administrators.

"This proposition has been urged upon the attention of the court as a proper one to be adopted, for the reason that such receivers should be held to be receivers of moneyed corporations. And by section 2, chapter 3 of the Laws of 1842 (2 R. S. [5th ed.], 550, § 149), it was in general terms provided and declared that receivers of moneyed institutions should receive no greater or other commission or compensation for their services than such as were allowed to executors and administrators. And it was this section which was probably intended to be amended by chapter 442 of the Laws of 1879, which declared and continued this rate of compensation, with the restriction that it should in no case exceed $10,000 per annum. Learned judges have in the most unequivocal terms declared insurance companies to be moneyed corporations within the signification and intent of this phraseology as it has been. used in the statutes. (*Mutual Ins. Co.* v. *Supervisors of Erie Co.,*

4 Comst., 442; *People ex rel. Mutual Ins. Co. v. Supervisors of New York,* 16 N. Y., 424, 438; *Attorney General* v. *Chenango Mutual Ins. Co.,* 12 Barb., 671.)

"And under these statutory provisions and the decisions made by the courts, it might very well be held, if the point could still be considered an open one, that the receiver's commissions should be limited to these rates. But the court is not now at liberty so to construe or apply them. For under the case of *Attorney General* v. *Guardian Mutual Life Insurance Company* (93 N. Y., 631), the receiver, acting under a similar appointment, was allowed the sum of five per cent by way of commissions upon the assets of the company passing into his possession.

"The order making this allowance was dated on the 23d of December, 1882, and it was afterwards affirmed both by the General Term and the Court of Appeals.

"It did not appear in that case, as it has in the present case, under what particular statutory authority the receiver was appointed. But it did appear that he had been appointed by the court receiver of a similar corporation to the Security Life Insurance Company, and that the services performed by him under his appointment were of the same general nature.

"And section 3220 of the Code of Civil Procedure was probably regarded as a controlling authority over the application made in his behalf for the allowance of his commissions; for no other provision has been found conferring the power upon the court to make the allowance which was directed and sanctioned in that case. By this section the court or judge by whom the receiver has been appointed, was authorized to prescribe his compensation at a sum not exceeding five per cent upon the sums received and disbursed by him, provided the particular case in which the application should be made was not otherwise specially provided for by statute, and the courts must have considered such application not to have been within the special provisions of any other statute, in order to warrant the exercise of this authority. And assuming that to have been the consideration and determination of the court, it would follow from it that the statute restricting the compensation to the commissions allowed to executors and administrators were inapplicable to a receiver of an insolvent life insurance company. This conclusion

appears very necessarily to follow from the final determination made in the case of the Guardian Mutual Insurance Company.

"For the like reasons the present case cannot be considered as included within section 13 of chapter 902 of the Laws of 1869, subjecting the receiver's claim for compensation to the determination of the superintendent of the insurance department. And beyond that, while it has been stated in the points of two of the counsel representing the appellants, that this receiver was appointed under the authority of this act, no evidence has been found in the case justifying that position.

"It has further been insisted that this receiver's compensation should be limited to the rate mentioned in section 2 of chapter 378 of the Laws of 1883. But this act is not applicable to the present case. For the right of the receiver to his commissions had become perfected before the passage of this act, and the application for the examination and settlement of his accounts had before that time been referred to a referee, whose report was made on the 2d of April, 1883. A final and supplemental account was presented by the receiver, which was sworn to on the 1st of March, 1883, and adopted substantially as presented by him. The act of 1883 was not passed until the eleventh day of April, and cannot justly be held to be applicable to the commissions of this receiver; for his trust had been practically brought to a definite conclusion before the time of its passage.

"He had received up to the 1st of March, 1883, the sum of $397,274.22. He had at that time disbursed by way of payments the aggregate sum of $333,234.76, leaving the balance of $63,594.76, and office furniture of the value of $100, in his hands still to be distributed. The time had, therefore, then arrived when he was entitled to have his commissions calculated and allowed. For that was to be done upon the final settlement and disposition of his accounts. (*Matter of Bank of Niagara*, 6 Paige, 213.) His duty and obligation to account had become complete before the passage of the act of 1883, and he was consequently entitled to such commissions as had been secured to him for his services by the preceding legislation of the State. His right to that measure of compensation had become vested, and there was nothing in the last act which could deprive him of it. That is the construction which has been given

to the statutes prescribing the compensation of attorneys and coun-
selors.   They are entitled to the rates fixed by law at the time
when the services themselves have been rendered and the right to
their fees has accrued. (*Supervisors of Onondaga* v. *Briggs*, 3
Denio, 173.)   Both reason and justice seem to combine in applying
this principle to the compensation of receivers, and that it should
be held equally applicable to them.   *   *   *

"In the aggregate sum stated to have been paid by the receiver
was the amount of $100,000 secured by a mortgage given by the
insurance company upon real estate purchased by it and situated in
Pine street, in the city of New York, and it has been strenuously
objected that the receiver was not entitled to commissions upon this
sum of money.   But it was made to appear by his own evidence
that by the terms of the sale of the property, which was for the
sum of $125,000, he obligated himself to pay off and discharge this
mortgage.   It is stated that the purchaser would not take the title
in any other manner, and that the receiver did, as a matter of fact
by his own certified check, pay the mortgage standing against the
property, and after doing so received the purchaser's check for
the purchase-price of $125,000.

"This transaction was not, therefore, within the principle of the
cases holding that executors, trustees or receivers selling property
subject to incumbrances upon it are not entitled to commissions
upon the amount of the incumbrances.   For in that class of cases the
incumbrances themselves were not paid, but the purchaser received
the property subject to that which was upon it, while in the present
case, as a strict matter of fact, the receiver did pay off the incum-
brance and sold the property free and clear from it.   The transaction
involved the actual payment of this sum of $100,000 by him, and
within the terms of the statute he was entitled to his commissions
upon it as so much money which he had received and disbursed.

"The case in this respect materially differs from the advancement
of money by a receiver to pay taxes upon lands held by him in his
official capacity and afterwards reimbursed to him by means of the
proceeds of their sale.   For in that case if commissions were allowed
to him upon such a transaction he would receive double commissions
upon the same sums of money passing into his hands, for he would
then have commissions upon the original receipt and the final dis-

**40** PEOPLE ex rel. SWIFT v. POLICE COMMISSIONERS.

FIRST DEPARTMENT, OCTOBER TERM, 1883.

bursement of the moneys, and also upon their advancement for the payment of the taxes and their subsequent reimbursement out of the proceeds of the property, and that the law would neither permit nor sanction. While in the present instance but one commission has been claimed or allowed, and that is upon the sum actually received and as certainly expended by him in this transaction. In this respect the case differs very materially in its facts as well as in principle from that of *Attorney-General* v. *North America Life Insurance Company* (*supra*).

"Under the plain terms of the statute this receiver was entitled to the commissions allowed to him on this transaction." * * *

*Leslie W. Russell*, attorney-general, for the people.

*Raphael J. Moses, Jr.,* and *William Barnes,* for certain policy-holders, appellants.

*Hamilton Cole*, for the receiver, respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Order modified as directed, and affirmed as modified, without costs.